NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
patents@pobox.com

Attorney for
The KatiRoll Company Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| THE KATIROLL COMPANY INC.,<br><br>  Plaintiff,<br><br>v.<br><br>KATI ROLL AND PLATTERS INC. and NIRAJ JIVANI,<br><br>  Defendants. | CIVIL ACTION NO.<br>10-3620 (MAS)(TJB) |
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>KATI ROLL AND PLATTERS INC., NIRAJ JIVANI, RASIK JIVANI and THE KATIROLL COMPANY INC.,<br><br>  Defendants. | CIVIL ACTION NO.<br>11-4781 (MAS)(TJB)<br><br>**Return Date:<br>January 22, 2013** |

**THE KATIROLL COMPANY INC.'S
MOTION FOR APPEAL PURSUANT TO
<u>RULE 72(a), FED. R. CIV. P. AND LOCAL CIVIL RULE 72(c)(1)</u>**

**I.     INTRODUCTION**

In March 2010, The KatiRoll Company Inc. ("The Kati Roll Company') brought a Lanham Act action (10-3629) against Kati Roll and Platters Inc. and its principals, Niraj Jivani and Rasik Jivani ("the insureds").  The complaint alleges infringement of the registered service mark, The Kati Roll Company®, (including counterfeiting), trade dress infringement of The Kati Roll Company's restaurant trade dress and unfair competition by the defendants' Kati Roll and Platters restaurant.  After extensive briefing and a two-day evidentiary hearing, Chief Judge Brown issued a preliminary injunction in favor of The Kati Roll Company in February 2011 finding, *inter alia*, that The Kati Roll Company was likely to succeed on the merits.

At the close of discovery in the Lanham Act action, State Farm Fire and Casualty Company ("State Farm") brought a declaratory judgment action (11-4781) against the insureds and The Kati Roll Company.  The Kati Roll Company is a Defendant under *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) because as the injured party in the Lanham Act action, it "may perform the conditions of the policy issued to the insured requiring notice of the accident, notice of suit, etc., in order to prevent lapse of the policy through failure of the insured to perform such conditions." *Id.* at 273.  Thus, The Kati Roll Company is included in the insurance DJ to protect its right to recover under the policy.

The Kati Roll Company, however, is not a party to the insurance contract between State Farm and Kati Roll and Platters.  The Kati Roll Company was not involved in discussions and correspondence between the insurer and the insureds about coverage issues.  The Kati Roll Company does not  – and cannot –

2

know State Farm's factual or legal contentions about the interpretation of its policy terms. The **only** way The Kati Roll Company can obtain this information to preserve its rights – rights acknowledged by the Supreme Court in *Maryland Casualty Co.* – is through the discovery process.[1]

## II.     FACTUAL BACKGROUND

After a telephone conference on May 7, 2012, The Kati Roll Company and State Farm submitted extensive letter briefing on the scope of discovery in the insurance DJ action and the status of whether documents concerning the insureds were privileged. (Doc. 233-6 and 233-7). The parties cited numerous cases to the Court concerning under what circumstances (1) communications within the insurer are privileged, (2) communications between the insurer and the insureds are privileged, and (3) privilege does not attach or there is waiver of privilege because the insurer and insureds are adverse. State Farm is defending pursuant to a reservation of right, so it provides counsel for the insureds in the Lanham Act action, but at the same time it is adverse to them in the DJ action. According to the insureds' answer (11-4781 Doc. 17, p. 3), the insureds and State Farm have always been adverse because of State Farm's "wrongful refusal to initially defend the claim"[2] (*Id.*, p. 4) came before its claim file was created.

---

[1]     Moreover, Niraj Jivani and Rasik Jivani are *pro se* in the DJ action. None of the insureds served initial disclosures or meaningfully participated in discovery. For example neither the *pro se* parties nor the counsel for Kati Roll and Platters Inc. participated in the May 7, 2012 Conference Call. (*See also*, Doc. 198, 211, 212 re the Court's inability to contact Kati Roll and Platters Inc.'s counsel). This leaves State Farm as the sole source of information for TKRC.

[2]     According to the insureds, State Farm wrongfully refused to file an answer on their behalf (11-4781 Doc. 17, p. 3) and did not provide counsel until after they had hired their own counsel and argued their coverage with State Farm. (11-4781 Doc. 17, pp. 3-4).

3

After this extensive briefing on the of privilege issues, Magistrate Judge Bongiovanni issued an Order on July 10, 2012 requiring, *inter alia*:

> State Farm shall produce . . . all documents concerning TKRC, TKRC's service mark or TKRC's restaurants, including, but not limited to, internal correspondence as well as communications with others. To the extent State Farm withholds any responsive documents, it is directed to produce a privilege log regarding same no later than July 31, 2012.

(Doc. 232, p. 2).[3]  State Farm moved for reconsideration and continued to refuse to produce its internal claims file.  State Farm did not dispute that the file contains documents covered by the Court's Order.  State Farm argued that its counsel could not even review the file, however, because it contains privileged documents.  State Farm never produced a privilege log for the file, and has never substantiated a claim that any of the documents are privileged.  In fact, State Farm's counsel brazenly told the Court that counsel had not and would not review the file.  (*See, e.g.*, Doc. 233-1, pp. 13-14; Doc. 239, pp. 10-12; 241, p. 8).  Likewise, no insured has asserted any document is privileged.  In fact, no insured ever provided any privilege log in the Lanham Act action.  (Doc. 239, p. 9).  In the absence of any showing whatsoever from any party, there were no facts to substantiate State Farm's claims of privilege.

Nevertheless, on December 5, 2012, Magistrate Judge Bongiovanni ruled:

> [T[he Court finds it necessary to clarify Its prior Order. While the language of the Court's July 10, 2012 Letter Order is broad enough to arguably cover the tort action's claim file, the Court never intended same to be included in the scope of the required production. While TKRC is generally correct that there is "no blanket privilege with respect to

---

[3]   The Order and briefing refers to The Kati Roll Company as "TKRC."

> communications between an insured and his adjuster" (Pavin, 202 N.J. Super. 262), none of the cases relied upon by TKRC support the proposition that a party in TKRC's position would be entitled to the tort action's claim file, a file prepared in response to the very suit initiated by TKRC.
>
> \*   \*   \*
>
> [T]he Court never intended to require the production of the tort action's claim file. As a result, the Court hereby clarifies the July 10, 2012 Letter Order to make clear that State Farm need not produce the tort action's claim file or a privilege log for the documents contained in same. In light of this clarification, the Court finds State Farm's request for reconsideration to be moot and dismisses it as such.

(Doc. 244, p. 4). Magistrate Judge Bongiovanni cites the decision cited by The Kati Roll Company – *State v. Pavin*, 202 N.J. Super. 255 (App.Div. 1985) – for the clear law that there is no blanket privilege for communications with an insurer. Nevertheless, she went on to exclude from production relevant documents covered by the July 10, 2012 Order without providing any cogent rationale. Accordingly, The Kati Roll Company appeals from the December 5, 2012 ruling.

### III.   ARGUMENT

#### A.   The Standard of Review

On appeal from a discovery order, the scope of the District Court's review is narrow. *Port. Auth. v. Affiliated FM Ins. Co.*, 2001 U.S. Dist. LEXIS 7579, at \*5 (D.N.J. March 29, 2001). Title 28 U.S.C. § 636(b)(1)(A) directs District Courts to consider the appeal and set aside any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law." 28 U.S.C. ß 636(b)(1)(A). *See also*, L. Civ.R. 72.1(c)(1)(A).

"A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)). Further, "[a] ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002).

### B. The December 5, 2012 Order Gives No Rationale for Excluding Relevant Documents From State Farm's Production

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The July 10, 2012 Order required State Farm to produce relevant documents, specifically documents "concerning TKRC, TKRC's service mark or TKRC's restaurants, including, but not limited to, internal correspondence as well as communications with others."

The July 10, 2012 Order (1) defined a set of relevant documents and (2) required State Farm to produce those documents, or (3) provide a privilege log to substantiate a claim of privilege for any document State Farm withheld.

Nothing in the December 5, 2012 Order explains why State Farm can withhold relevant documents about The Kati Roll Company, its service mark or restaurants based on where they are stored at State Farm. The Order does not explain why State Farm does not have to substantiate any claim of privilege. Nor

6

does the Order find that doing so would be burdensome. Accordingly, the December 5, 2012 Order is clearly erroneous and contrary to law.

### C. The December 5, 2012 Order Is Not Supported by Facts

The record before the Court provides no basis whatsoever for a finding that any of the State Farm documents should not be produced. State Farm's counsel refused to examine the file to determine what it contained. Accordingly, the record is based purely on State Farm's counsel's speculation and assertions about what claims files "typically" contain. (*See, e.g.*, Doc. 233-1, p. 13). State Farm cannot assert what its file contains because it refused to review the file.

Thus, it is easily conceivable that State Farm's file contain highly relevant, non-privileged documents. As just two examples, State Farm's files likely contain a copy of The Kati Roll Company's pre-litigation cease and desis letter to Kati Roll and Platters and a copy of the original complaint in this action. Neither of those documents are privileged. Nor is there any privilege concerning the date when State Farm received those documents. Yet as The Kati Roll Company informed the Court, that date is central to the dispute between the insureds and State Farm about when State Farm first received notice of the lawsuit (Doc. 233-6, p. 6, PageIP 3801), which may affect The Kati Roll Company's rights.

The record is devoid of any facts whatsoever which support a finding that any document is privileged. Accordingly, the December 5, 2012 Order is clearly erroneous and contrary to law.

D.     **The December 5, 2012 Order
Is Not Supported by Law**

Magistrate Judge Bongiovanni acknowledged that there is no blanket privilege for insurance files. (Doc. 244, p. 4). Yet she fails to elucidate any basis as part of the December 5, 2012 clarification for excluding an entire file from production when the file contain relevant documents concerning TKRC, its service mark or restaurants. The Court applied an erroneous legal standard.

The Kati Roll Company cited numerous cases where courts required the production of documents from insurance files. (Doc. 233-6, pp. 5-6, PageID 3800-01; Doc. 239, p. 8, n. 5). Privilege either exists or it does not. The burden to substantiate a claim of privilege is on the party asserting it. *In re Chevron Corp.*, 650 F.3d 276, 289 (3d Cir. 2011). Nowhere is the privilege contingent on "the position of the party" seeking discovery as the December 5, 2012 Order implies.

The December 5, 2012 Order is contrary to the established law that there is no blanked privilege for communication between an insurer and insured and that claims of privilege must be substantiated. Accordingly, the December 5, 2012 Order is clearly erroneous and contrary to law.

E.     **Arbitrary Limits to Discovery Prejudice
The Kati Roll Company's Ability
To Defend Its Substantive Rights**

As a Defendant in a coverage dispute between an insurer and insureds, The Kati Roll Company is in the vulnerable position of requiring discovery from other parties to assert its rights. The Third Circuit has acknowledged the difficulty of this position:

> Certainly from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the most

8

> real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured." 6A J. Moore, *supra*, para. 57.19. In terms of fairness, the injured party should be able to present its case upon the ultimate issues, even if the insured does not choose to participate.

*Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, (3d Cir. 1986). Because unnecessary limitations on discovery can adversely affect substantive rights, the Third Circuit has acknowledged that even the district court's discretion has boundaries. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995).

The December 5, 2012 Order, however, was not a matter of the district court's discretion. The Order wholly lacks factual and legal support. The December 5, 2012 Order is clearly erroneous and contrary to law. It is also highly prejudicial to The Kati Roll Company's ability to defend the very rights the Supreme Court sough to protect in *Maryland Casualty Co.*, 312 U.S. 270 (1941). As such, it must be reversed and The Kati Roll Company must be allowed to fully develop the record in discovery so it can present its case on the ultimate issues in accordance with *Federal Kemper Ins. Co. v. Rauscher*.

### IV.    CONCLUSION

For the foregoing reasons, The Kati Roll Company respectfully requests the Court Order State Farm to produce within seven (7) days all documents in its

possession, custody or control concerning The Kati Roll Company, its service mark or its restaurants, including, but not limited to, internal correspondence as well as communications with others.

>Respectfully submitted,
>
>NORMAN E. LEHRER, P.C.

Dated:  December 19, 2012

/s Norman E. Lehrer
Norman E. Lehrer
Attorney for The KatiRoll Company, Inc.