**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE KATIROLL COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> KATI ROLL AND PLATTERS INC., et al., <br><br> Defendants. | Civil Action No. 10-3620 (MAS) (TJB) |
| STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Plaintiff, <br><br> KATI ROLL AND PLATTERS INC., et al., <br><br> Defendants. | Civil Action No. 11-4781 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

Appellant The Katiroll Company, Inc. ("TKRC") appeals two Letter Orders entered by the Honorable Tonianne J. Bongiovanni, U.S.M.J., on December 5, 2012 (the "December Order"), and on February 11, 2013 (the "February Order"). Both Letter Orders arose from discovery issues regarding the Declaratory Judgment Action (Civil Action No. 11-4781) which was consolidated with an underlying tort action (Civil Action No. 10-3620). The December Order held that State Farm Fire and Casualty Company ("Appellee" or "State Farm") was not required to turn over the tort action's claim file which was prepared to aid Kati Roll and Platters, Inc., Niraj Jivani, and Rasik Jivani (the "Insureds") in their defense against TKRC's tort claims. (ECF No. 246.) The February

Order denied TKRC's request to compel State Farm to respond to its contention interrogatory because the proposed interrogatory violated Federal Rule of Civil Procedure ("Rule") 33(a)(1). After careful consideration, and for the reasons set forth below, the Court AFFIRMS the findings and determinations of Judge Bongiovanni.

I.  **Background**

TKRC's initial Complaint, filed on March 3, 2010, alleged that Kati Roll and Platters Inc. engaged in service mark infringement, trade dress infringement, and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) (the "Tort Action"). (Tort Action Compl. ¶¶ 27, 31, 35, ECF No. 1.) TKRC later filed an Amended Complaint on February 14, 2011, that added Niraj Jivani and Raski Jivani as Defendants. (Tort Action Am. Compl. ¶ 17, ECF No. 75.) The Amended Complaint also pursues the same causes of action pursuant to N.J. Stat. Ann. 56:4-1 *et seq.*, and the common law. (*Id.* ¶¶ 53, 55.)

State Farm retained and substituted defense counsel for the Insureds into the Tort Action on January 10, 2011. (State Farm Opp'n. Ex. 3, ECF No. 247.) Thereafter, State Farm created, and continues to maintain, a claim file to assist with the defense against TKRC's tort claims. (*Id.* at 3.)

State Farm filed a separate action on August 19, 2011, seeking a declaratory judgment that it has no duty to indemnify the Insureds for the tort claims asserted by TKRC (the "Coverage Action"). (Coverage Action Compl. ¶ 18, ECF No. 1.) State Farm also joined TKRC to the Coverage Action because it may have a claim in the matter that would be affected by this separate claim. (*Id.* ¶ 34.) The Coverage Action was consolidated within Civil Action No. 10-3620 on January 20, 2012. (Order 11-4781, ECF No. 29.) The claim file for the Tort Action has been kept separate from the claim file for the Coverage Action. (State Farm Opp'n. Ex. 3 at 4, ECF No. 247.)

### A.    The July Order and Appeal

On March 6, 2012, Judge Bongiovanni entered a Scheduling Order that required all Parties to serve their initial disclosures and any interrogatories by March 14, 2012. (ECF No. 200.) On May 24, 2012, TKRC sent pre-motion correspondence to Judge Bongiovanni to request an Order compelling the production of State Farm's file concerning the Tort Action and other forms of relief relating to various discovery issues. (State Farm Opp'n. Ex. 4 at 4-5, ECF No. 247.) The correspondence, however, did not contain a request to serve interrogatories upon State Farm. (State Farm Opp'n. Ex. 4.) State Farm responded to TKRC's pre-motion letter on June 5, 2012. (State Farm Opp'n. Ex. 5, ECF No. 247.) State Farm argued that TKRC was not entitled to the Tort Action claim file because it contains privileged communications between the Insureds and State Farm. (*Id.* at 3.)

Judge Bongiovanni issued a Letter Order on July 10, 2012 ("July Order"), regarding the various discovery disputes. Regarding TKRC's document demands, State Farm was ordered to produce:

> (3) all documents [that] concern[] TKRC, TKRC's service mark or TKRC's restaurants, including, but not limited to, internal correspondence as well as communications with others. To the extent State Farm withholds any responsive documents, it is directed to produce a privilege log regarding same no later than July 31, 2012.

(July Order at 2, ECF No. 232.)

In addition, Judge Bongiovanni stated that additional discovery, if warranted following compliance with the July Order, could be requested. (*Id.* at 3-4.) State Farm moved for reconsideration of the July Order. (ECF No. 233.) The December Order denied the motion for reconsideration as moot stating that the Court "never intended to require the production of the tort action's claim file." (Dec. Order at 4, ECF No. 244.)

B. The February Order and Appeal

On September 13, 2012, TKRC sent four interrogatories to State Farm.[1] (State Farm Opp'n. Ex. 11, ECF No. 250.) State Farm responded to TKRC's requests on September 18, 2012, and objected to all four interrogatories stating that the interrogatories required State Farm to discuss legal conclusions. (State Farm Opp'n. Ex. 12, ECF No. 250.) On September 21, 2012, without addressing State Farm's concerns, TKRC sent sections of a proposed joint letter setting forth its positions on outstanding discovery issues. (State Farm Opp'n. at 9, ECF No. 250.) In that letter, TKRC only mentioned one proposed interrogatory which stated:

> For each of the following, [1] state in detail all of State Farm's contentions concerning whether each is covered or excluded under any Kati Roll and platters policy, [2] state all facts upon which the contentions are based, [3] state to which legal test or factor the facts are relevant, [4] identify each person or entity who is the source of the facts, [5] identify any witness statement or testimony in support of State Farm's contentions, [6] identify each witness State Farm expects to present and those it may call if the need arises in support of its contentions, and [7] identify all documents and events which support each contention.

(TKRC Mot. App. Ex. A at 2, ECF No. 249.)

In addition, TKRC argued that it identified nearly two dozen examples of the Insureds' advertisements for which the interrogatory would apply. (*Id.*) In response to this, on September 24, 2012, State Farm sent its section of the proposed joint letter to TKRC to insert into the letter and send to Judge Bongiovanni. (TKRC Mot. App. Ex. 1 at 1, ECF No. 249.) As a result, TKRC altered its issue sections that same day and then sent the final version of the joint letter. (*Id.*)

Shortly thereafter, Judge Bongiovanni issued the February Order in order to resolve the discovery disputes. (Feb. Order, ECF No. 248.) Considering that TKRC only proposed one interrogatory, Judge Bongiovanni held that the interrogatory was improper by virtue of its 7 subparts and the 23 applicable advertisements identified by TKRC. (Feb. Order at 4.) Judge

---

[1] TKRC failed to adhere to Judge Bongiovanni's earlier March 14, 2012 deadline for serving interrogatories. Leave to serve interrogatories after that date was required to be granted by Judge Bongiovanni before service upon opposing counsel.

Bongiovanni denied TKRC's request to compel State Farm to respond to its interrogatory because "TKRC's interrogatory represents not 1 but well over 100 interrogatories," a violation of Rule 33(a)(1). (*Id.*)

Presently before the Court are TKRC's subsequent appeals, pursuant to Rule 72(a) and Local Civil Rule 72(c)(1), addressing both the December Order and February Order. (ECF Nos. 246, 249.)

## II. Analysis

### A. Legal Standard

A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Magistrate judge resolution of non-dispositive matters may only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164.

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. Evidence which was not presented to the magistrate judge may not be used by the district court upon review of the factual determinations. *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). When a non-dispositive matter has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Comm. Sys. Co.*, 169 F.R.D.

5

54, 64 (D.N.J. 1996). "It follows that a 'magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently.'" *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

B.   **TKRC's Appeal of the December Order**

For the reasons set forth in the December Order by Judge Bongiovanni, the Court affirms the decision that TKRC is not entitled to State Farm's claim file for the Tort Action. The magistrate judge's ruling is not clearly erroneous. The file for the Tort Action, which is currently pending, is completely separate from the claim file being prepared for the Coverage Action and was created by State Farm to assist with the defense of the Insureds. Therefore, a sufficient factual basis exists for the December Order and the decision falls within the wide discretion afforded to magistrate judges when deciding non-dispositive matters.

In addition, the December Order is not contrary to law. TKRC does not set forth any case law that supports the contention that a separate claim file, prepared to aid in the defense of adverse litigants in another matter, is discoverable. Instead, TKRC relies upon several cases that are not related to the present issue. For example, the court held in *State v. Pavin* that communication made by an insured to its insurer was discoverable because there was no expectation of privacy, the statement was made prior to any litigation, and no evidence existed that the insurer was retained as an attorney for the insured. 202 N.J. Super. 255, 263 (N.J. Super. Ct. App. Div. 1985). *Pavin* is inapposite to the facts here and readily distinguishable because the contents of an active claim file don't equate with the materials considered discoverable in *Pavin*. The December Order was correct and does not constitute an abuse of discretion.

### C. TKRC's Appeal of the February Order

The Court also finds that TKRC failed to demonstrate that the denial of its request to compel State Farm to respond to its interrogatory was clearly erroneous or contrary to law. As the February Order stated, TKRC's interrogatory actually represented over 100 interrogatories due to its multiple subparts and 23 applicable advertisements. It cannot, therefore, be argued that Judge Bongiovanni abused her discretion in denying TKRC's request.

Additionally, TKRC failed to show that Judge Bongiovanni abused her discretion when she did not consider the other interrogatories TKRC proposed. Although TKRC sent four interrogatories to State Farm on September 13, 2012, TKRC failed to send all of the proposed interrogatories to Judge Bongiovanni in its proposed joint letter on September 21, 2012. Thus, Judge Bongiovanni could not consider the three other interrogatories because TKRC did not include them within the joint letter. In addition, TKRC did not comply with the original deadline of May 14, 2012, to serve its interrogatories to State Farm. Therefore, for the reasons set forth above and in the February Order, the denial of TKRC's request to compel State Farm to respond to its interrogatory is affirmed.

### III. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the Appellant's Appeals are DENIED.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2013