**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE KATIROLL COMPANY, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 10-3620 (MAS) (TJB) |
| KATI ROLL AND PLATTERS INC., *et al.*, | |
| Defendants. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Plaintiff, | |
|  | Civil Action No. 11-4781 (MAS) (TJB) |
| KATI ROLL AND PLATTERS INC., *et al.*, | **MEMORANDUM OPINION** |
| Defendants. | |

RECEIVED
NOV - 7 2014
AT 8:30_____M
WILLIAM T. WALSH CLERK

**SHIPP, District Judge**

Appellant The Katiroll Company, Inc. ("TKRC") appeals two Letter Orders entered by the Honorable Tonianne J. Bongiovanni, U.S.M.J., on April 4, 2014 (the "April Order"), and on June 23, 2014 (the "June Order"). (TKRC Mots., ECF Nos. 268, 276.) Both Letter Orders arose from discovery issues regarding the Declaratory Judgment Action (Civil Action No. 11-4781), which was consolidated with an underlying tort action (Civil Action No. 10-3620). The April Order denied TKRC's request to compel State Farm to fully respond to certain Interrogatories, finding State Farm's responses to each were adequate under the Federal Rules of Civil Procedure. (ECF No. 267.) The June Order limited the scope of TKRC's deposition of State Farm's Rule 30(b)(6) witness. (ECF No.

275.) After careful consideration, and for the reasons set forth below, the Court AFFIRMS the findings and determinations of Judge Bongiovanni.

I.      **Background**

As this is TKRC's third and fourth appeal from discovery orders by Judge Bongiovanni, the background of this action has been set forth in this Court's prior opinion (ECF No. 255) and is incorporated by reference herein. The Court, therefore, limits its discussion to the facts and procedural history necessary to resolve the instant appeals.

A.      The April Order and Appeal

On August 30, 2013, TKRC served its First Set of Interrogatories on State Farm. (TKRC Br. 3, ECF No. 268-1.) The court received correspondence from TKRC on September 23, 2013, and October 2, 2013, outlining certain discovery disputes between the parties. (April Order 2, ECF No. 267.) Shortly thereafter, Judge Bongiovanni scheduled a status conference for October 31, 2013, to address TKRC's discovery issues. (*Id.*) Without leave from the court and prior to the scheduled status conference, TKRC filed three discovery-related motions, including a "Motion to Compel State Farm to Answer Interrogatory No. 17 and Preclude State Farm from Offering Evidence Outside the Scope of Its Interrogatory Responses." (ECF No. 262.)

Judge Bongiovanni issued the April Order in order to resolve the discovery disputes. (April Order, ECF No. 267.) Finding that TKRC did not comply with Local Civil Rule 37.1 by failing to make a good faith effort to resolve discovery issues before filing discovery-related motions, Judge Bongiovanni nevertheless addressed the substance of TKRC's motions. (*Id.* at 2.) Judge Bongiovanni correctly noted that "TKRC has cited a dearth of case law" in support of these motions, relying only on *Wei v. Bonder*, 127 F.R.D. 91, 96 (D.N.J. 1989); *Jaroslawicz v. Engelhard Corp.*, 115 F.R.D. 515, 516 (D.N.J. 1987); and *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941). Despite these failures by TKRC, Judge Bongiovanni required State Farm to provide

2

supplemental responses to some of the interrogatories no later than April 25, 2014. (*Id.* at 5.) TKRC now appeals Judge Bongiovanni's denial of its request to compel supplemental responses from State Farm in regards to Interrogatories numbers 4, 6, 7, 11, and 12. (ECF No. 268.)

Interrogatory number 4 requested that State Farm provide support for the applicability of a certain policy exclusion. State Farm's response indicated that the policy exclusion applies to all of the alleged actions by its insured in TKRC's Amended Complaint. Judge Bongiovanni held that State Farm's response was acceptable, and it would be unduly burdensome for State Farm to identify every piece of evidence that could be construed as an injury under this exclusion.

Interrogatories numbers 6 and 7 requested that State Farm provide the meaning of the terms "disparages" and "slogan" as used in the insurance policy at issue. State Farm objected to this request as it seeks an opinion or contention of law but further responded that the terms must be defined by their natural, plain, and ordinary meaning. Judge Bongiovanni found State Farm's responses acceptable pursuant to New Jersey law.

Interrogatory number 11 sought "all documents and testimony" that support State Farm's response to Interrogatory number 10. State Farm objected due to the burden of this request and directed TKRC to its Amended Complaint, the insurance policy at issue, and all of the documents and testimony to date. In light of the specificity State Farm provided with respect to Interrogatory number 10, Judge Bongiovanni found State Farm's response to Interrogatory number 11 acceptable.

Interrogatory number 12 requested that State Farm set forth all support for an allegation in State Farm's Complaint regarding knowledge of the insured. In response, State Farm objected to the request as premature but provided support to its contention in TKRC's Amended Complaint; the insurance policy at issue; testimony from the preliminary injunction application; testimony from Defendant Niraj Jivani; the color scheme, layout and design of the insured's restaurant; and electronic

publications State Farm attached. Judge Bongiovanni held that State Farm's response was "adequate at this juncture." (*Id.* at 8.)

### B. The June Order and Appeal

On May 9, 2014, the parties submitted joint correspondence to Judge Bongiovanni outlining each's position regarding the proper scope of TKRC's deposition of State Farm's Rule 30(b)(6) witness. (TKRC's Br., Ex. A, ECF No. 276-2.) TKRC's proposed Notice of Deposition included nine areas of inquiry. (TKRC's Br., Ex. 1, ECF No. 276-2.) Topics three through nine were contested, and Judge Bongiovanni found that, while the scope of discovery is broad, it is not limitless and does not permit parties to engage in fishing expeditions. (June Order 3-4.) TKRC now appeals Judge Bongiovanni's decision regarding the scope of those contested areas, except for one.

Topic three of the Notice of Deposition seeks testimony from State Farm regarding its position on an insured's counterclaim. Noting that TKRC has not asserted a claim against State Farm in the Declaratory Judgment Action, Judge Bongiovanni nevertheless only limited this topic to "conversations had between State Farm and the agent concerning the facts of the Jivani Defendants' counterclaim." (June Order 5.)

Topic four seeks testimony from State Farm regarding the meaning of specific policy terms. Judge Bongiovanni found that neither party disagreed about this topic but that State Farm sought clarification that the testimony would be limited to the meanings in the context of this particular case. Judge Bongiovanni found topic four inherently contained such a limitation but, for clarification, also limited topic four in the same respect. (*Id.* at 5.)

Topics five and six request testimony from State Farm about its policies and procedures for claims handling. In its correspondence to the court, TKRC stated that these topics were necessary to "explore State Farm's reasons and whether they were grounded in – or deviated from – policies and procedures" when it refused to accept late payment for the insurance policy at issue. (TKRC's Br.,

4

Ex A. 4-5.) Judge Bongiovanni struck both topics, finding each "not relevant to the claims and defenses asserted," or that any minimal relevance did not justify the burden to State Farm for allowing the topics. (June Order 5-6.)

Topics eight and nine seek testimony in regards to State Farm's policies and procedures and meaning and authenticity of documents produced by State Farm in this action. TKRC asserted that these topics were directed to "State Farm's documents." (TKRC's Br., Ex. A. 6.) As written, Judge Bongiovanni held both topics were overbroad but permitted questioning about documents relating to the insurance policy at issue, any letters denying coverage, and the Reservation of Rights letter. (June Order 6.)

Presently before the Court are TKRC's subsequent appeals, pursuant to Rule 72(a) and Local Civil Rule 72(c)(1), addressing both the April Order and the June Order.

## II. Analysis

### A. Legal Standard

A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). Magistrate judge resolution of non-dispositive matters may only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Loc. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164.

5

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149. When a non-dispositive matter has been decided by a magistrate judge, the ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Comm. Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "It follows that a 'magistrate judge's findings should not be rejected even if a reviewing court could have decided the issue differently.'" *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

### B. TKRC's Appeal of the April Order

The Court finds that TKRC failed to demonstrate that Judge Bongiovanni's denial of its request to compel supplemental responses from State Farm to Interrogatories numbers 4, 6, 7, 11, and 12 was clearly erroneous. While State Farm did object to each interrogatory, it also provided responses to each. Judge Bongiovanni found these responses to be acceptable in light of the broad scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. Judge Bongiovanni did, however, order State Farm to provide supplemental responses to other interrogatory responses she found were not adequate and did not comply with the broad scope of Rule 26.

The April Order was not contrary to law. TKRC did not provide Judge Bongiovanni with any relevant case law addressing the discovery issues raised by TKRC in its motion and still has not set forth any case law on this appeal to support its contention that State Farm's responses are inadequate or Judge Bongiovanni's holding is contrary to law. Instead, TKRC relies on several cases that are not related to the present issues. The cases relied on by TKRC are inapposite to the facts and issues here, as they do not address the discovery obligations of parties in declaratory judgment actions. Moreover, it is TKRC's burden on this appeal from Judge Bongiovanni's discovery order to demonstrate that the April Order was clearly erroneous or contrary to law. TKRC has not made such

a demonstration. Therefore, this Court finds that the April Order does not constitute an abuse of discretion and affirms.

### C. TKRC's Appeal of the June Order

The Court also finds that TKRC failed to demonstrate that the limitations to scope that Judge Bongiovanni placed on its deposition of State Farm's Rule 30(b)(6) witness were clearly erroneous or contrary to law. In its Reply, TKRC correctly identifies the issue that was before Judge Bongiovanni: "In a declaratory judgment action in which the insurer sues the injured person, how much discovery should be afforded that injured person." (TKRC Reply 3, ECF No. 279.) However, TKRC, again, did not submit any relevant case law to Judge Bongiovanni to address this discovery issue and still has not set forth any relevant case law on this appeal in support of its contention that Judge Bongiovanni's holding is contrary to law.

TKRC asserts that it is a necessary party to the declaratory judgment action and has an independent right to be heard. However, this right to be heard does not equate to limitless discovery by TKRC. Neither TKRC nor this Court have identified any authority rendering Judge Bongiovanni's decisions contrary to law. The burden is on TKRC to demonstrate that Judge Bongiovanni's June Order is clearly erroneous or contrary to law. Therefore, for the reasons set forth above and in the June Order, the limitations placed on the scope of TKRC's deposition of State Farm's Rule 30(b)(6) witness is affirmed.

### III. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that the Appellant's Appeals are DENIED.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2014